IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CASE No. 2:21-CR-79 |
| v. | : |
| | : JUDGE EDMUND A. SARGUS |
| DANIEL P. HEINTZ | : |
| | : |

## AGREED ORDER

This matter is before the Court on the Government's request for restitution on behalf the child victims portrayed in the "Sweet White Sugar," "Vicky," "Jenny," "Marineland1," "Lighthouse1," "JBNFlowers," "Jan_Socks1," "Cinderblockblue," "BluePillow1," "AtSchool," "Best Necklace," and "Aprilblonde" series of child pornography files that were unlawfully received and possessed by Defendant Daniel P. Heintz.

The United States and Defendant Heintz have reached an agreement that 18 U.S.C. § 2259 requires the Court to impose restitution for any offense under Chapter 110, which applies to the conviction of receipt of visual depictions of minors engaged in sexually explicit conduct (hereinafter referred to as child pornography), in violation of 18 U.S.C. §§ 2252(a)(2). There is no dispute between the parties that the files from the series referenced above were involved in Defendant Heinz' illegal child pornography activities that formed the basis of his offense of conviction or were otherwise discovered by the government during its investigation into his offense of conviction.

The parties further agree that the victims seeking restitution in this case are victims as defined in Section 2259, that is, individuals "harmed as a result of a commission of a crime

under this chapter [the Sexual Exploitation and Other Abuse of Children Chapter of Title 18]."[1]

**IT IS THEREFORE AGREED** by the parties that Defendant Heintz, in accordance with 18 U.S.C. § 2259 and the terms of the plea agreement entered into in this case, shall pay restitution in the following amounts, which amounts reflect the defendant's relative causal role in the victims' injuries:

- $7,500 to "Pia" the victim depicted in the file(s) from the "Sweet White Sugar" child pornography series;
- $5,000 to the victim of the "Jenny" child pornography series;
- $3,500 to "Maureen," the victim depicted in the file(s) from the "Lighthouse1" child pornography series;
- $7,500 to "Lily," the victim depicted in the file(s) from the "Vicky" child pornography series;
- $3,750 to "Sarah," the victim depicted in the file(s) from the "Marineland1" child pornography series;
- $4,000 to "April," the victim depicted in the file(s) from the "Aprilblonde" child pornography series; and
- $3,500 to "Jen," the victim depicted in the file(s) from the "JBNFlowers1" child pornography series;
- $6,000 to "Violet," the victim depicted in the file(s) from the "At School" child pornography series;
- $3,500 to "Henley," the victim depicted in the file(s) from the "BluePillow1" child pornography series;
- $3,500 to "Jane," the victim depicted in the file(s) from the "Cinderblockblue" child pornography series;
- $3,000 to "Sierra," the victim depicted in the file(s) from the "Jan_Socks1" child pornography series; and
- $1,500 to "Maria," the victim depicted in the file(s) from the "Best Necklace" child pornography series.

---

[1] While the parties agree that the defendant possessed images of "Maria," the victim depicted in the "Best Necklace" child pornography series, the restitution request submitted on her behalf did not contain sufficient information to determine whether she qualified as a "victim" under § 2259. While materials likely to make such a showing are believed to be forthcoming, the parties, including counsel for "Maria," are in agreement that sentencing and restitution for all victims should not be delayed for purposes of obtaining the necessary documentation. As such, the parties' agreement in regards to "Maria" is based on the plea agreement and 18 U.S.C. § 3663(a)(3), and is not subject to the $3,000 mandatory minimum pursuant to § 2259..

2

Defendant Heintz's total restitution obligation of $52,250 is due immediately and shall be paid to the Clerk of the United States District Court for the Southern District of Ohio in the following manner: $26,250 shall be paid prior to sentencing and the remaining amount shall be paid prior to December 31, 2022. The appropriate amounts shall then be distributed to the victims' representatives in the following fashion:

- Amy Mathieu, Marsh Law Firm, PLLC, in trust for "Jenny" and "Jane";
- Deborah A. Bianco, in trust for "Pia," "Maureen" and "Henley";
- Carol Hepburn, in trust for "Violet," "Sierra," "Sarah," and "Lily";
- Elaine Lenahan, Lenahan Law Firm, in trust for "April" and "Jen."

Pursuant to 18 U.S.C. § 3612(f)(2)(A), the Court waives the requirement of interest on any balance of the restitution not paid within 15 days after judgment.

The undersigned counsel for the Government has further discussed this agreement with counsel for all of the victims and represents to the Court that upon full payment in accordance with this Agreed Order, the victims agree that any restitution claims they may have in this criminal case against Defendant HEINTZ are satisfied.

**IT IS SO ORDERED.**

s/Edmund A. Sargus, Jr. 11/29/2021
**EDMUND A. SARGUS**
**U.S. DISTRICT COURT JUDGE**

**REVIEWED AND AGREED TO BY:**

VIPAL J. PATEL,
ACTING UNITED STATES ATTORNEY

s/ *Heather A. Hill*
Heather A. Hill (6291633 IL)
Assistant United States Attorney

s/
Steven S. Nolder
Counsel for Defendant Heintz

3